# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                         Case No. 6:03-cr-65-Orl-19GJK

KENNETH BERNARD JACKSON,

    Defendant.

## ORDER

This case comes before the Court on the following:

1. Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) by Defendant Kenneth Bernard Jackson (Doc. No. 537, filed May 19, 2008);

2. Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 538, filed May 20, 2008);

3. Response to Order Pursuant to 18 U.S.C. § 3582(c)(2) by the United States of America (Doc. No. 550, filed Aug. 8, 2008); and

4. Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. No. 557, filed Aug. 18, 2008).

### Background

Defendant Kenneth Bernard Jackson pled guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii)-(iii) and 846. (Judgment, Doc. No. 251 at 1, filed Aug. 27, 2003.) Defendant was found responsible for at least five kilograms of

cocaine hydrochloride and at least one and a half kilograms of cocaine base (crack cocaine). (Presentence Investigation Report ("PSR") at 4, ¶ 25.)

Defendant's base offense level was calculated pursuant to Section 2D1.1 of the 2002 edition of the United States Sentencing Guidelines Manual ("U.S.S.G."). (PSR at 6, ¶ 38.) Based on the amount of drugs for which Defendant was deemed responsible, Defendant's base offense level was 38. (*Id.*) He received a three-level reduction for acceptance of responsibility. (*Id.* ¶ 44 (as amended by the Court).) He also received a four-level substantial assistance reduction based on the Motion of the Government requesting such reduction. (Doc. No. 219, filed Aug. 12, 2003; Judgment, Doc. No. 251 at 5 (as amended by the Court).) This resulted in a total offense level of 31. (Judgment, Doc. No. 251 at 5 (as amended by the Court).)

Defendant's received 17 criminal history points, resulting in a criminal history score of VI under the Sentencing Table in Chapter 5, Part A of the U.S.S.G. (PSR at 11, ¶ 62.) The Sentencing Table provided that the sentencing range for offense level 31 and criminal history category VI was 188 to 235 months of imprisonment. U.S.S.G. ch. 5, pt. A. Defendant was sentenced within this range to 188 months of imprisonment. (Judgment, Doc. No. 251 at 2.)

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. app. C, amend. 706 (2007). The effect of Amendment 706 was to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective March 3, 2008. U.S.S.G. app. C, amend. 713 (supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Following the issuance of Amendment 706, Defendant filed a post-sentencing Motion for a Reduction of Sentence. (Doc. No. 537.) The Court directed the parties to file responses concerning the applicability of Amendment 706 to Defendant. (Doc. No. 538.) The Court also appointed a Federal Public Defender to represent Defendant "for the purpose of seeking a reduction of Defendant's sentence." (*Id.* at 1.) Pursuant to the Court's Order, the Government filed a Response in which it stated, "The United States agrees that Amendment 706 applies in this case and maintains the defendant's sentence should be reduced to a total term of 151 months' imprisonment." (Doc. No. 550 at 1.) Defendant also filed a response in which he stated, "Additionally, Mr. Jackson humbly requests that this Court consider him for a sentence of less than 151 months' imprisonment, as he respectfully submits that a sentence of 121 months would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing." (Doc. No. 557 at 2.)

**Analysis**

Section 3582(c) of Title 18 of the United States Code provides that a court "may not modify a term of imprisonment once it has been imposed," except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2006).

The Sentencing Commission's policy statement concerning the application of 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 (2008) and provides in relevant part:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted,

the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Subsection (b)(2) of U.S.S.G. § 1B1.10 states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection [1B1.10(b)]."

In his Response to the Court's Order, Defendant argues that he is entitled to a reduction in his total offense level that is greater than the two levels provided by Amendment 706. He explains:

> Mr. Jackson respectfully submits that this Honorable Court has jurisdiction to resentence him to less than 151 months' imprisonment. Mr. Jackson maintains that the guidelines–including the policy statement found in USSG § 1B1.10(b)(1) that purports to limit a reduction to two levels–are advisory in all contexts.

(*Id.* at 5.) He continues:

> Accordingly, Mr. Jackson respectfully submits that if the "policy statements" referred to in 18 U.S.C. § 3582(c)(2) are construed to include USSG § 1B1.10(b)(2)(A)–thereby requiring Article III Courts to apply the retroactive guidelines as mandatory and to sentence defendants within the range provided therein by decision of the Sentencing Commission alone–then § 1B1.10(b)(2)(A) is an unconstitutional delegation of authority. As such, it cannot be applied.

(*Id.* at 11-12.)

The Eleventh Circuit Court of Appeals recently addressed these issues in *United States v. Melvin*, No. 08-13497, __ F.3d __, 2009 WL 236053 (11th Cir. Feb. 3, 2009). The Eleventh Circuit held, "We agree with those circuits that have held that *Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." *Id.* at *3. Therefore, the Court

-4-

concluded, the greatest sentence reduction authorized by Amendment 706 is a two-level offense level reduction. *Id.* at *5. In reaching this conclusion, the Court explained that its decision was consistent with its prior holdings that "[a] proceeding under § 3582(c)(2) is not a full resentencing hearing," *id.* at *3 (citing *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2001)), and that "'*Booker* is inapplicable to § 3582(c)(2) motions,'" *id.* (quoting *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005)).

Because Defendant is seeking a reduction in sentence beyond that permitted by Amendment 706, *Melvin* is on all fours with the instant case. Pursuant to the Eleventh Circuit's holding in *Melvin*, this Court lacks jurisdiction to reduce Defendant's offense level more than the two levels authorized by Amendment 706, and in any event declines under the facts applicable to this case to do so.[1]

**Conclusion**

Based on the foregoing, the Court determines that Defendant is eligible for a reduction of sentence as follows:

1. Defendant's Advisory Guideline Range is **REDUCED** two levels to Total Offense Level 29, Criminal History Category VI (151 to 188 months) as to Count One.

2. The Judgment in a Criminal Case (Doc. No. 251) is amended to provide:

> Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **151 months**, or time served, whichever is greater.

---

[1] Both parties agree that Defendant is entitled to the Amendment 706 two level reduction. (Doc. No. 550 at 1, 6; Doc. No. 557 at 1.)

In all other respects the Judgment in a Criminal Case (Doc. No. 251) remains in full force and effect and is otherwise unamended.

3. The Court has considered the factors enumerated in 18 U.S.C. § 3553 and the applicable guidelines and policy statements issued by the U.S. Sentencing Commission, including but not limited to U.S.S.G. § 1B1.10, in imposing this sentence.

4. Defendant's presence before the Court is not required. Fed. R. Crim. P. 43(b)(4).

5. This Order shall become effective **ten (10) days from the date below** and shall not apply if Defendant has been released from custody prior to that date.

6. Defendant is advised of his right to appeal. To the extent permitted by law and any Plea Agreement, Defendant has a right to file an appeal of this Order **within ten (10) days** from its filing with the Clerk of Court. Failure to timely file a Notice of Appeal will result in waiver of the right to appeal. The Government may file an appeal from this Order. Defendant is entitled to the assistance of counsel if an appeal is filed, and if he cannot afford an attorney the Court will appoint one to represent him on the appeal at no charge or cost to Defendant.

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation

Defendant